IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| FRANCES CLEMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. _____ |
| v. | ) Judge _____ |
| | ) JURY DEMAND |
| EXEDY AMERICA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Comes now the Plaintiff who sues the Defendant and for cause of action would show unto this Honorable Court as follows:

1. Plaintiff, Frances Clemmons, is a citizen and resident of Knoxville, Knox County, Tennessee.

2. Defendant, Exedy America Corporation, is a domestic corporation with its principal place of business at 2121 Holston Bend Road, Mascot, Tennessee, 37806, and may be served with process through its Registered Agent, Dennis R. McClane, 900 S. Gay Street, Suite 900, Knoxville, Tennessee 37902.

3. The Defendant is an employer subject to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* and the Tennessee Human Rights Act, T.C.A. § 4-21-101, *et seq.*

1

4. Jurisdiction is based on a federal question arising under 29 U.S.C. § 621, *et seq.*, and is proper pursuant to 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction 28 U.S.C. § 1367. Venue is proper under the code provisions cited herein, as well as the general venue provisions of 28 U.S.C. § 1391.

5. Defendant, Exedy America Corporation, is an employer engaging in an industry affecting commerce, and employs more than twenty (20) regular employees.

7. Plaintiff is female.

8. Plaintiff was born on            , 1950.

9. Plaintiff was first hired to work by the Defendant on November 15, 2010 as the Human Resources Manager.

10. Plaintiff was terminated by the Defendant on February 15, 2011.

11. At all times during her employment, Plaintiff performed all her duties in a satisfactory manner.

12. At all times material hereto, Plaintiff was fully qualified for the position of Human Resources Manager.

13. At all times during her employment with the Defendant, Plaintiff was supervised by Ted Yoshinaga, Defendant's President.

14. At all times material hereto, Ted Yoshinaga was an agent and employee of Defendant.

15. At all times material hereto, Ted Yoshinaga had the authority to discipline the Plaintiff, as well as the authority to terminate the Plaintiff's employment with Defendant.

16.     During her employment, Plaintiff became aware of several employees' complaints concerning the Defendant's Service Director, Jim Snodgrass' hostile and abusive conduct of an older male employee and certain female employees.

17.     After receiving the employees' complaints, Plaintiff as the Human Resources Manager began conducting an investigation into the allegations of Mr. Snodgrass' harassing conduct and the complaints that his conduct created a hostile and abusive work environment due to the employees' ages and sex and therefore established age and sex discrimination.

18.     During Plaintiff's investigation, Plaintiff was advised that due to Mr. Snodgrass' harassing and abusive conduct, the older male employee had filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

19.     During the course of the investigation, Plaintiff discussed her findings and opinions with Defendant's owner and President, Ted Yoshinaga and she advised to him that Mr. Snodgrass' conduct was discriminatory and wrong and was putting the company in jeopardy and had already led to the filing of an EEOC Charge.

20.     Plaintiff further advised Defendant's owner and President, Mr. Yoshinaga that based on her findings she felt Mr. Snodgrass should receive some form of disciplinary action and that it was necessary to rectify the discriminatory atmosphere within the company.

21.     However, when Plaintiff advised Defendant's owner and President, Mr. Yoshinaga of her belief that Mr. Snodgrass' conduct could be considered discriminatory and something should be done about it immediately, he became irritated and visibly upset with the Plaintiff's findings and recommendations.

22.     The following day, Plaintiff was advised by Mr. Yoshinaga that she was terminated, effective immediately.

23. The reason given for Plaintiff's termination was "Unsatisfactory Introductory Period."

24. The reason given by Defendant is pretextual and the real reason for Plaintiff's termination was due to her oppositional activities and/or due to her participation in the investigation of employees' complaints of Mr. Snodgrass' harassing and discriminatory conduct.

25. Following her termination, Plaintiff filed a timely Charge of Retaliation with the EEOC on or about September 2, 2011. (A copy of said Charge is attached hereto and incorporated herein as Exhibit 1).

26. Sixty (60) days has passed since the filing of this Charge on September 2, 2011 and therefore Plaintiff has satisfied all administrative requirements prior to filing this action and this suit is timely filed as to Plaintiff's claim brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

27. Defendant's conduct constitutes unlawful retaliation and Plaintiff hereby sues the Defendant for retaliatory discharge pursuant to the ADEA, 29 U.S.C. § 621, *et seq.* and pursuant to T.C.A. § 4-21-101, *et seq.*

28. At the filing of this Complaint, Plaintiff has yet to receive a Notice of Right-to-Sue letter from the EEOC. Upon receipt of said Notice, it is Plaintiff's intention to amend Paragraph 33 of this Complaint to also allege claims of retaliatory discharge under Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000(e), *et seq.*, the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

29. The Plaintiff alleges that Defendant, through its agents and employees, fired her in retaliation for engaging in protected activities.

30. Plaintiff alleges that the conduct of Defendant's agents and employees constitutes retaliation for engaging in protected activities in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* and the Tennessee Human Rights Act, T.C.A. § 4-21-101, *et seq.*

31. Defendants are responsible and liable for the actions of its agents and employees under the doctrine of *respondeat superior* and under agency principles.

32. As a result of Defendant's conduct, the Plaintiff has lost tangible job benefits including a loss of income and benefits, both past and future, including front pay, and has suffered and will continue to suffer irreparable injury, emotional distress, humiliation and embarrassment, and other pecuniary losses as a direct result of Defendant's illegal actions.

33. The actions of the Defendant, as set forth herein, were willful and reckless such as to justify the imposition of liquidated damages.

WHEREFORE, Plaintiff prays for the following relief:

1. Compensatory damages, including front pay, (or in the alternative reinstatement if the Court deems it appropriate), and liquidated damages.

2. Prejudgment interest.

3. Punitive damages.

4. Reasonable attorney's fees.

5. The costs of this action.

6. A jury to try this cause.

7. Appropriate injunctive relief.

RESPECTFULLY SUBMITTED this 14th day of February, 2012.

                                                  **BURKHALTER, RAYSON & ASSOCIATES, P.C.**

                                                  /s/ Ronald A. Rayson
                                                  David A. Burkhalter, II, BPR #004771
                                                  Ronald A. Rayson, BPR #013393
                                                  Attorneys for Plaintiff
                                                  111 S. Central Street
                                                  P.O. Box 2777
                                                  Knoxville, TN 37901-2777
                                                  (865) 524-4974

6

Case 3:12-cv-00073-TAV-HBG   Document 1   Filed 02/14/12   Page 6 of 6   PageID #: 6